UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| MAXWELL LANDIS, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Case No. 2:15-cv-0319-JMS-DKL |
| ) | |
| KATHY GRIFFIN, ) | |
| ) | |
| Respondent. ) | |

**Entry and Order Dismissing Action**

In a prison disciplinary proceeding identified as No. MCF 15-05-0085, Petitioner Maxwell Landis was found guilty of engaging in an unauthorized financial transaction and was sanctioned. That determination has since been vacated and a new hearing will be conducted. [dkt. 6]. The respondent argues that this action is now moot and must be dismissed. Mr. Landis has opposed the motion to dismiss. [dkt. 9].

**Discussion**

A case becomes moot, and the federal courts lose subject matter jurisdiction, when a justiciable controversy ceases to exist between the parties. *See Church of Scientology of Cal. v. United States,* 506 U.S. 9, 12 (1992) ("if an event occurs while a case is pending . . . that makes it impossible for the court to grant 'any effectual relief whatever' to a prevailing party, the [case] must be dismissed.") (*quoting Mills v. Green,* 159 U.S. 651, 653 (1895)); *Honig v. Doe,* 484 U.S. 305, 317 (1988) (grounding mootness doctrine in the Constitution's Article III requirement that courts adjudicate only "actual, ongoing cases or controversies"). "A case is moot when issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Erie v. Pap's A.M.*, 529 U.S. 277, 287 (2000) (internal citations omitted).

In this case, the disciplinary proceedings associated with No. MCF 15-05-0085 were vacated and the case was remanded to the facility for a rehearing.

Mr. Landis filed two letters with the Court on January 19, and January 29, 2016, which the Court construes as responses in opposition to the motion to dismiss. Mr. Landis raises two issues in his responses in opposition to the motion to dismiss.

First, Mr. Landis argues that dismissal of this action is not appropriate because after the guilty finding associated with No. MCF 15-05-0085 was vacated, the grievous sanctions were not vacated. However, the Indiana Department of Correction vacated the sanctions in No. MCF 15-05-0085. [dkt. 11]. These developments render the action moot.

Next, Mr. Landis argues that the rehearing was not properly heard. Any errors in the new proceeding will not be identical to any errors in the previous proceeding, and any errors in the new proceeding will be subject to review in a new 28 U.S.C. § 2254 action. *See Eichwedel v. Curry*, 700 F.3d 275, 280–81 (7th Cir. 2012).

## Conclusion

Because there is no sanction affecting the fact or duration of confinement in this case, the petition must be dismissed as moot.

The respondent's motion to dismiss [dkt. 6] is **granted**. The petitioner's motion for court's assistance and extension of time [dkt. 9] is **denied as moot.** Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date: February 10, 2016

_____
Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

Distribution:

Maxwell Landis, #164373
Wabash Valley Correctional Facility
Inmate Mail/Parcels
6908 S. Old US Hwy 41
P.O. Box 1111
Carlisle, IN 47838

Electronically registered counsel